IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE MCKINLEY CARTER, JR., | : | CIVIL NO. 3:10-CV-1831 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, HARLEY LAPPIN, | : | |
| | : | |
| Respondents | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Jesse McKinley Carter, Jr., ("Carter"), challenging his unconstitutional federal conviction and sentence. He seeks to proceed in forma pauperis. (Doc. 4.) For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

I. **Background**

The following background is extracted from an opinion of the United States District Court of New York:

> Petitioner was convicted of various narcotics trafficking offenses including engaging in a Continuing Criminal Enterprise; cocaine distribution; possession of cocaine with intent to distribute; and using and carrying a firearm during a drug trafficking offense. United States v. Joyner, 201 F.3d 61, 66 (2d Cir. 2000). Petitioner was sentenced to concurrent 240-month terms of incarceration on the drug charges followed by 60-month mandatory consecutive sentences pursuant to 18 U.S.C. § 924 for Counts 41, 42, and 43 and a mandatory consecutive 120-month sentence pursuant to § 924 for Count 49. The sentences for the § 924 counts were concurrent to each other, but consecutive to the sentence imposed for the drug charges. In total, Petitioner is serving a 360-month term of imprisonment. On appeal, the Second Circuit Court of Appeals substantially affirmed the conviction and sentence but vacated three firearms counts for

insufficient evidence. Joyner, 201 F.3d at 67. On remand, the Court entered an amended judgment which did not affect Petitioner's total term of imprisonment. United States v. Carter, No. 3:95-CR-232, 2009 WL 3526582, at *1 (N.D. N.Y. Oct. 23, 2009.) He filed a timely motion pursuant to 28 U.S.C. § 2255 seeking to vacate his convictions. On October 23, 2009, the motion was granted in part. (Id. at *8) "This Court holds that, pursuant to Watson v. United States, Petitioner's conviction on Count 49 of the indictment must be vacated. Therefore, Petitioner's total term of imprisonment must be amended to reflect a total term of imprisonment of 300-months. All other ground for relief advanced by Petitioner are denied." (Id.)

On August 31, 2010, Carter filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to vacate his convictions and sentences on the ground that his present custodian lacks jurisdiction over him, that there is no evidence to support the original indictment lodged against him, and that the criminal judgment is a nullity.

II. **Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Carter's claims do not fall within the Dorsainvil exception. They fall squarely within the purview of § 2255. He has made no showing that the remedy is inadequate or ineffective to test the legality of his convictions. Because he has already filed a § 2255 petition, if his present § 2255 claim is based on "newly discovered evidence" or a "new rule of constitutional law," he must seek permission from the United States Court of Appeals to file a second or successive petition. There is no indication that he sought such permission.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

*signature*

JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 6, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESSE MCKINLEY CARTER, JR., : CIVIL NO. 3:10-CV-1831
        Petitioner :
         : (Judge Munley)
v. :
         :
B.A. BLEDSOE, HARLEY LAPPIN, :
         :
        Respondents :

## ORDER

AND NOW, this 6th day of October 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 4) is GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court